Contracts; Wunderlich Act review; exhaustion of administrative remedies; Contract Disputes Act of 1976; waiver of objection to Board jurisdiction. — On March 7, 1980 the court entered the following order:
Lynn J. Bush, with whom was Assistant Attorney General Alice Daniel, for defendant. Michael J. Vandamm, U.S. Postal Service, of counsel.
Before Davis, Judge, Presiding, Kunzig and Bennett, Judges.
This contract case is before the court on defendant’s motion for summary judgment.[1] Defendant claims that plaintiff, whose contracts with the Postal Service were all terminated for default in June 1978, failed to exhaust his administrative remedies, a prerequisite to suit in this court. Plaintiff answers that since no contracting officer’s final decision was issued in the case, he can proceed directly in this court under the Contract Disputes Act of 1978[2] without exhausting administrative remedies. Because we find plaintiff abandoned without excuse the administrative proceeding he entered, we hold his claim here barred for failure to exhaust administrative remedies.
Prior to June 1978, plaintiff John H. Thompson, Jr., held a number of Postal Service contracts for the highway transportation of mail between points in the southern United States.[3] Plaintiff had contracted with the Postal Service in this manner for several years. Each of the contracts incorporated the standard "disputes” clause of the Basic Transportation Services Contract Provisions, P.S. Form 7407.
In 1976, the Postal Service adopted a 98 percent on-time efficiency standard for delivery of mail. Though plaintiff is questioning the propriety of such a rule and its "selective enforcement” against him, it is sufficient to note for purposes of the pending motion that plaintiff was apparent *645 ly unable to meet the standard. This inability eventually led to the Postal Service termination of the contracts.
By letter dated June 21, 1978, just days after the termination, plaintiffs then attorney protested the Postal Service actions. He alleged sweeping misconduct and unfair dealing by the Postal Service which led to plaintiffs inability to perform the contracts.
The Postal Service contracting officer forwarded the letter directly to the Postal Service Board of Contract Appeals, which treated the letter as a notice of appeal. The Board notified Thompson that it had received the "notice of appeal,” and provided him with a due date by which to file a complaint.
Then, on August 4, 1978, plaintiff filed with the Board a document captioned "Appellant’s Amended Notice of Appeal,” which the Board treated as a complaint. That document set forth the contracts in dispute and stated plaintiffs objections to what the Postal Service had done.
The Board, however, never again heard from plaintiff. Finally, plaintiff failed to respond to a rule to show cause why the case should not be dismissed for want of prosecution. The case was so dismissed on February 9,1979.
Three months later, plaintiff sought to resurrect the claim, with new counsel writing letters to the Postal Service contracting officers summarizing plaintiffs objections and requesting decisions in the dispute. Both contracting officers refused (on advice of counsel) to issue decisions. Plaintiff then filed this suit.
Plaintiffs argument centers around his contention that there never was a final decision issued by the contracting officer as required in the disputes clause. Without a contracting officer decision from which an appeál could be taken, plaintiff argues, the Board of Contract Appeals had no jurisdiction, since its jurisdiction is appellate in nature. As a result, plaintiff now contends that the claim is still pending before the contracting officer and since more than 60 days have elapsed without a final decision, plaintiff can deem such inaction a negative decision and proceed directly in this court. See Contract Disputes Act of 1978, § 6, Pub. L. No. 95-563, 92 Stat. 2383.
*646 The Government counters by arguing that there were indeed contracting officer decisions in regard to the disputed contracts. Defendant has filed documents which it purports to be such decisions. The Government argues that the Board properly began procedures in plaintiffs appeal, when plaintiff inexplicably failed to continue participating in the proceeding, to the point that he failed to respond to a rule to show cause. That inaction constitutes failure to exhaust administrative remedies and bars plaintiffs case in this court, defendant concludes. See, e.g., Monroe Garment Co. v. United States, 203 Ct. Cl. 324, 488 F.2d 989 (1973); Zidell Explorations, Inc. v. United States, 192 Ct. Cl. 331, 334, 427 F.2d 735, 737 (1970).
We disagree with the Government that proper contracting officer final decisions were issued. Nonetheless, we hold plaintiff failed to exhaust his administrative remedies because he failed to complete a proceeding before the Board, whose jurisdiction he failed to contest in timely fashion.
As a preliminary matter, we reject defendant’s contention that contracting officer decisions were issued pursuant to the disputes clause. The Postal Service’s own Contracting Manual requires that in each contracting officer decision rendered under the disputes clause, a paragraph "substantially as follows” shall be included:
This is the final decision of the Contracting Officer. Decisions on disputed questions of fact and on other questions that are subject to the procedure of the Disputes clause may be appealed in accordance with the provisions of the Disputes clause. If you decide to make such an appeal from this decision, written notice thereof (preferably in triplicate) must be mailed or otherwise furnished to the Contracting Officer within thirty days from the date you receive this decision. Such notice should indicate that an appeal is intended and should reference this decision and identify the contract by number. The Postal Service Board of Contract Appeals is the authorized representative of the Postmaster General for hearing and determining such disputes. The Rules of the Postal Service Board of Contract Appeals are attached. Postal Contracting Manual, § l-313(d).
*647 The documents defendant has filed in an attempt to show final decisions were issued amount to nothing more than notices of termination. They are completed "Route Service Order” forms containing only minimal information and a notice and date of termination. They do not indicate any status as final decisions; they do not mention any appeal procedures; they plainly do not contain the required paragraph.
In Zidell Explorations, Inc. v. United States, 192 Ct. Cl. 331, 427 F.2d 735 (1970), certain armed services procurement regulations required such information to be in final decisions of contracting officers. We held that a contracting officer letter of decision without such information was not a proper final decision. Id. at 336, 427 F.2d at 738. The documents filed in the instant case are similarly not proper final decisions.
Despite this absence of a contracting officer final decision, we can see no reason to allow plaintiff to question the Board’s jurisdiction now. Once he received confirmation of his "Notice of Appeal” he did not then contest the Board’s jurisdiction. Instead, he responded with a document captioned "Appellant’s Amended Notice of Appeal,” which set forth the contracts in question and plaintiffs claims with regard to those contracts.
In General Dynamics Corp. v. United States, 214 Ct. Cl. 607, 558 F.2d 985 (1977), we developed the rule that "the Board’s lack of jurisdiction is a defense that may in effect be waived by failure to object in a timely fashion in that forum. . . .” Id. at 620, 558 F.2d at 992. Plaintiff in the instant case did not object in timely fashion. Instead, he filed a responsive pleading to the Board’s acknowledgment of his letter treated as a notice of appeal. In doing so, he waived any objection to the Board’s jurisdiction.[4] Plaintiff plainly failed to finish a proceeding in which he was engaged once he filed the document, and should not now escape the results of that proceeding, which were brought about by his own inaction.
*648 In sum, we hold plaintiff cannot now question the Board’s jurisdiction, because he waived that objection by initially participating in the Board’s proceeding. We further hold that his failure to complete the Board proceeding bars his claim here because of failure to exhaust mandatory administrative remedies.
it is therefore ordered, after consideration of the parties’ submissions, including the administrative record, that defendant’s motion for summary judgment is granted. The petition is dismissed.
Plaintiffs’ motion for rehearing was denied April 25, 1980, and their petition for a writ of certiorari was denied, 449 U.S. 870 (1980).

 This case has come directly to the court pursuant to Rule 166, as revised.

 Pub. L. No. 95-663, 92 Stat. 2383, 41 U.S.C.A. § 601 et seq. (1979 Supp.).

 Of the contracts in question, some were held in the name of John H. Thompson, Jr., some in the names of John H. Thompson, III, Thompson Truck & Equipment, John H. Thompson, Jr. and John H. Thompson, III or John H. Thompson, Jr. and Pat Thompson. All were subcontracted to plaintiff Night & Day Truck Lease Rental, Inc., a Texas corporation of which Thompson, Jr. was President. For simplicity in this order, the term "plaintiff” refers to John H. Thompson, Jr. and Night & Day Truck Lease Rental, Inc., and all other plaintiff persons and entities.

 While judicial jurisdiction can never be waived by litigants, Board jurisdiction, which grows out of contractual provisions, may be expanded by agreement of the parties - through express amendment of their agreement or through administration of that agreement. General Dynamics Corp. v. United States, 214 Ct. Cl. 607, 558 F.2d 985 (1977).